1  KAREN P. HEWITT
   United States Attorney
2  CAROLINE P. HAN
   Assistant U.S. Attorney
3  California State Bar No. 250301
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Phone: (619) 557-5220
   Fax: (619) 235-2757
6  E-mail: caroline.han@usdoj.gov

7  Attorneys for Plaintiff
   United States of America

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,      )  Criminal Case No. 07CR2883-2-JAH
                                   )
13              Plaintiff,         )  **RESPONSE AND OPPOSITION TO**
                                   )  **DEFENDANT'S MOTIONS:**
14              v.                 )
                                   )  **(1) TO COMPEL SPECIFIC DISCOVERY**
15  MARTIN ORTIZ-WENSE (2),        )  **(2) FOR LEAVE TO FILE FURTHER MOTIONS**
                                   )
16              Defendant.         )
                                   )
17                                 )  Date:   December 3, 2007
                                   )  Time:   8:30 a.m.
18  _____   )  Court:  The Hon. John A. Houston

19         COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

20  United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby

21  files its Response and Opposition to Defendant's Motions to Compel Specific Discovery and For

22  Leave to File Further Motions.  This Response and Opposition is based upon the files and records

23  of this case, together with the attached Statement of Facts, Memorandum of Points and Authorities,

24  as well as the Government's Motion for Reciprocal Discovery.

25  //

26  //

27  //

28

**I**

**STATEMENT OF FACTS**

In the summer of 2007, Drug Enforcement Administration (DEA) agents initiated an investigation of the defendant's co-defendant, Ruben Navarro-Maldonado. Between August 30, 2007 and September 20, 2007, a confidential source (hereinafter "CS") employed by the DEA arranged for defendant Navarro-Maldonado to meet with DEA agents acting in an undercover capacity on three separate occasions. During those meetings, defendant Navarro-Maldonado sold quantities of methamphetamine to DEA agents acting in an undercover capacity.

On October 4, 2007, the CS set up another meeting with defendant Navarro-Maldonado. Throughout the day, defendant Navarro-Maldonado and the CS were in communication via telephone and DEA agents maintained surveillance of defendant Navarro-Maldonado. During one of those telephone conversations, defendant Navarro-Maldonado stated that he was going to meet his source of supply and meet with the CS after. DEA agents observed defendant Navarro-Maldonado meet with defendant Ortiz-Wense. Thereafter, Navarro-Maldonado met with the CS and attempted to sell the CS approximately 334 grams (or ten ounces) of methamphetamine. Both defendants were subsequently arrested.

After defendant Ortiz was arrested, a search was conducted of his home, and an additional 24 grams of methamphetamine, cocaine, a digital scale, and U.S. Currency were recovered from his home.

Both defendants were advised of their Miranda rights, and waived those rights. Among other things, Defendant Ortiz-Wense stated that he had purchased the ten ounces of methamphetamine on the street, and defendant Navarro-Maldonado stated that he had been given the drugs by Ortiz-Wense on consignment.

**II**

**MOTION TO COMPEL SPECIFIC DISCOVERY AND PRESERVE EVIDENCE**

On November 7, 2007, the Government provided the Defendant with 224 pages of discovery including the complaint and statement of facts, DEA-6 reports documenting the investigation of this case, DEA-6 reports documenting the arrest and post-arrest interviews of the defendant and

his co-defendant, copies of search warrants and accompanying affidavits, and copies of documents that were recovered pursuant to the search warrants.  In addition to the 224 pages of discovery, the Government also provided 22 CDs and DVDs which contained audio recordings of CS and DEA agent interaction with co-defendant Navarro-Maldonado and surveillance images.    The Government has not yet received the DEA lab report related to the October 4, 2007 incident, but did provide DEA lab reports related to the additional incidents with which Defendant Navarro-Maldonado is charged.  When the DEA lab report related to the October 4, 2007 incident is available, it will be provided to Defendant as soon as it is completed.

With respect to Defendant's discovery motions, the Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984).  To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the Defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001).    The Government will make every effort to preserve evidence it deems to be relevant and material to this case.  Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the Government that results in actual prejudice to the Defendant.  See Illinois v. Fisher, 540 U.S. 544 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

**(1)  Defendant's Statements** – The Government recognizes its obligation, under Rules 16(a)(1)(A) and 16(a)(1)(B), to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements.  (Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.)  The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date.  If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.

1

2          **(2)  Defendant's Prior Record** – The Government has provided Defendant with a copy

3    of his known prior criminal record and, consequently, has fulfilled its duty of discovery under Rule

4    16(a)(1)(D).  See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990).  To the extent

5    that the Government determines that there are any additional documents reflecting Defendant's

6    prior criminal record, the Government will provide those to Defendant.

7          **(3)  Tangible Objects** – The Government has complied and will continue to comply with

8    Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine,

9    inspect, and copy tangible objects that are within its possession, custody, or control, and that is

10   either material to the preparation of Defendant's defense, or is intended for use by the Government

11   as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.  The

12   Government need not, however, produce rebuttal evidence in advance of trial.  United States v.

13   Givens, 767 F.2d 574, 584 (9th Cir. 1984).

14         In addition, upon reasonable notice, the Government will provide the Defendant with an

15   opportunity to view and photograph, but not weigh, the contraband related to this case.

16   Although the Government does not oppose Defendant's right pursuant to Rule 16 to inspect

17   and examine the seized evidence, the Defendant provides no justifiable basis to re-weigh the

18   evidence.  This Court is not required to order the re-weighing of the evidence, and the

19   Government posits that such an order would constitute a waste of Government resources in the

20   present case.

21         Where a court has no reason to believe that the weight of packaging is enough to make

22   a defendant eligible for a lower sentence, it is within the court's discretion to deny a

23   defendant's request to re-weigh the evidence.  See United States v. Orozco-Rodriguez, 60 F.3d

24   705, 707 (10th Cir. 1995); see also United States v. Small, 74 F.3d 1276, 1287 (D.C. Cir. 1996)

25   (holding a refusal to order re-weighing of drugs does not constitute abuse of discretion unless

26   there is a "reasonable dispute" over the weight); United States v. Garcia, 900 F.3d 571, 574-75

27   (2d Cir. 1990) (same).

28         In this case, the Defendant is charged with possessing with intent to distribute 334

1    grams of methamphetamine, an amount of methamphetamine that carries a mandatory sentence

2    of ten years in prison upon conviction.  The ten year mandatory minimum sentence applies to

3    amounts of methamphetamine of 50 grams or more.  As such, the Defendant would have to

4    contend that 284 grams or approximately 85% of the methamphetamine consisted of

5    packaging, an incredible argument.  First, the Defendant has not raised this argument.  Second,

6    this claim would not constitute a "reasonable dispute.  See Small, 74 F.3d at 1287; Garcia, 900

7    F.2d at 574-75.  The Government posits that if Defendant inspects and examines the seized

8    evidence and it becomes apparent that the packaging weighs approximately 85% of the total

9    weight, then the parties may re-address the issue of re-weighing the contents of the entire

10   package.  Unless and until such a possibility can be established, however, this Court should not

11   order the unnecessary expenditure of Government resources.

12

13       **(4)  Expert Witnesses** – The Government will comply with Rule 16(a)(1)(G) and

14   provide Defendant with a written summary of any expert testimony that the United States

15   intends to use during its case-in-chief at trial under Rules 702, 703, or 705 of the Federal Rules

     of Evidence.
16

17       **(5)  Brady Material** – The Government has and will continue to perform its duty

18   under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or

19   evidence favorable to Defendant  when such evidence is material to guilt or punishment.   The

20   Government recognizes that its obligation under Brady covers not only exculpatory evidence,

21   but also evidence that could be used to impeach witnesses who testify on behalf of the United

22   States.  See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473

23   U.S. 667, 676-77 (1985).  This obligation also extends to evidence that was not requested by

24   the defense.  Bagley, 473 U.S.  at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976).

25   "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable

26   probability that, had the evidence been disclosed to the defense, the result of the proceeding

27   would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc).

28   The final determination of materiality is based on the "suppressed evidence considered

1   collectively, not item by item." <u>Kyles v. Whitley</u>, 514 U.S. 419, 436-37 (1995).

2         <u>Brady</u> does not, however, mandate that the Government open all of its files for

3   discovery. <u>See</u> <u>United States v. Henke</u>, 222 F.3d 633, 642-44 (9th Cir. 2000) (<u>per</u> <u>curiam</u>).

4   Under <u>Brady</u>, the United States is not required to provide: (1) neutral, irrelevant, speculative, or

5   inculpatory evidence (<u>see</u> <u>United States v. Smith</u>, 282 F.3d 758, 770 (9th Cir. 2002)); (2)

6   evidence available to the Defendant from other sources (<u>see</u> <u>United States v. Bracy</u>, 67 F.3d

7   1421, 1428-29 (9th Cir. 1995)); (3) evidence that the Defendant already possesses (<u>see</u> <u>United</u>

8   <u>States v. Mikaelian</u>, 168 F.3d 380-389-90 (9th Cir. 1999) <u>amended</u> <u>by</u> 180 F.3d 1091 (9th Cir.

9   1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be

10  imputed to have knowledge or control over. <u>See</u> <u>United States v. Hanson</u>, 262 F.3d 1217,

11  1234-35 (11th Cir. 2001).    <u>Brady</u> does not require the United States "to create exculpatory

12  evidence that does not exist," <u>United States v. Sukumolahan</u>, 610 F.2d 685, 687 (9th Cir. 1980),

13  but only requires that the Government "supply a Defendant with exculpatory information of

14  which it is aware." <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976).

15        **(6)** **<u>Arrest Reports, Notes, and Dispatch Tapes</u>** – The Government has provided

16  Defendant with all known reports related to Defendant's arrest in this case. The Government is

17  not aware of the existence of any dispatch tapes relevant to this case. The Government will

18  continue to comply with its obligation to provide to Defendant all reports subject to Rule 16.

19        The Government has no objection to the preservation of the agents' handwritten notes.

20  <u>See</u> <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their

21  original notes of interviews of an accused or prospective government witnesses). However, the

22  Government objects to providing Defendant with a copy of the rough notes at this time. The

23  Government is not required to produce the notes pursuant to the Jencks Act because the notes

24  do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise

25  both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or

26  adopted by the witness. <u>United States v. Spencer</u>, 618 F.2d 605, 606-07 (9th Cir. 1980). The

27  notes are not <u>Brady</u> material because, as discussed further, the notes do not present any

28  material exculpatory information or any evidence favorable to Defendant that is material to

1    guilt or punishment.  If, during a future evidentiary hearing, certain rough notes become

2    particularly relevant, the notes in question will be made available to Defendant.

3          **(7)  Evidence Seized** – The Government has complied and will continue to comply

4    with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to

5    examine, inspect, and copy all evidence seized that is within its possession, custody, or control,

6    and that is either material to the preparation of Defendant's defense, or is intended for use by

7    the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to

8    Defendant.

9          **(8)  Government Communication to Defendant** – The Government is unaware of any

10   communications between government agents, informers or anyone else acting at the direction

11   of the Government and the Defendant.

12         **(9) Witness Statements** – The Government is aware of its obligation to provide witness

13   statements to the Defendant where relevant, and will do so at the appropriate time.

14         **(10) Statements of Individuals Who Will Not be a Witness**– The Government objects

15   to the Defendant's request for all statements made by individuals who may have information

16   relevant to the case who the government does not intend to call as a witness.  The Government

17   is not responsible for all possible information and evidence regarding any speculative defense

18   claimed by Defendant.  Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding

19   that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory

20   evidence are not subject to disclosure under Brady).

21         **(11)  Informants and Cooperating Witnesses** – At this time, the Government is aware

22   of a confidential source or informant involved in this case.  The Government must generally

23   disclose the identity of informants where (1) the informant is a material witness, or (2) the

24   informant's testimony is crucial to the defense. Roviaro v. United States, 353 U.S. 53, 59

25   (1957).  If there is a confidential informant involved in this case, the Court may, in some

26   circumstances, be required to conduct an in-chambers inspection to determine whether

27   disclosure of the informant's identity is required under Roviaro.  See United States v. Ramirez-

28   Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997).  Because there is a confidential informant

involved with this case, the Government will disclose the identity of the informant no later than two weeks prior to trial.

(12) **Bias by Informants or Cooperating Witnesses** – Because there is a confidential informant in this case, the inducements, favors, payments or threats made (if any) or any other <u>Giglio</u> information related to the confidential informant or cooperating witness will be provided to Defendant no later than two weeks prior to trial.

(13) **Electronic Surveillance** – The Government is unaware of any electronic surveillance logs or transcripts concerning the Defendant or any witness. All audiotape recordings of in person and phone conversations that have been made in connection with this case and are in the Government's possession were turned over to the Defendant on November 7, 2007.

(14) **Information That May Result in a Lower Sentence Under the Guidelines** – The Government has provided and will continue to provide Defendant with all <u>Brady</u> material that may result in mitigation of Defendant's sentence. Nevertheless, the Government is not required to provide information bearing on Defendant's sentence until after Defendant's conviction or guilty plea and prior to her sentencing date. <u>See</u> <u>United States v. Juvenile Male</u>, 864 F.2d 641, 647 (9th Cir. 1988) (no <u>Brady</u> violation occurs "if the evidence is disclosed to the Defendant at a time when the disclosure remains in value").

(15) **404(b) Evidence** – The Government will disclose in advance of trial the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b). Evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined." <u>See</u> <u>United States v. Soliman</u>, 812 F.2d 277, 279 (9th Cir. 1987).

(16) **Evidence of Bias or Motive to Lie** – The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

(17) **Impeachment Evidence** – As previously discussed, the Government recognizes

its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses.

**(18)  <u>Evidence of Criminal Investigation of Any Government Witness</u>** – As noted above, the Government objects to providing any evidence that a prospective witness is under criminal investigation, but will provide the conviction record, if any, which could be used to impeach all witnesses the Government intends to call in its case-in-chief.

**(19)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>** – The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling.  The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional or statutory disclosure provision.

**(20)  <u>Witness Addresses</u>** – The Government has already provided Defendant with the reports containing the names, work addresses, and telephone numbers of the special agents involved in this case.  In its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required.  <u>See</u> <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).  The Government strenuously objects to providing the home addresses to Defendant.  In non-capital cases, the Government is not even required to disclose the names of its witnesses prior to trial.  <u>United States v. Dishner</u>, 974 F.2d 1502, 1522 (9th Cir 1992); (<u>citing</u> <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996); <u>see</u> <u>also</u> <u>United States v. Bejasa</u>, 904 F.2d 137 (2d Cir. 1990) (holding that United States did not improperly deny Defendant access to government witnesses whose telephone numbers and addresses the government refused to provide because Defendant knew the identities of the government witnesses and presumably knew their telephone numbers or could have contacted them through the exercise

of due diligence).

**(21) <u>Name of Witnesses Favorable to the Defendant</u>** – The Government is not aware of the names of any witnesses favorable to the Defendant's case.  If the Government discovers any witnesses favorable to Defendant, the names of such witnesses will be promptly provided.

**(22) <u>Jencks Act Material</u>** – Rule 26.2 incorporates the Jencks Act, 18 U.S.C. §3500, into the Federal Rules of Criminal Procedure.  The Jencks Act requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. §3500(b).  For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by her, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. §3500(e).   If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (<u>citing</u> <u>Goldberg v. United States</u>, 425 U.S. 94, 98 (1976)).

**(23) <u>Giglio Information and Agreements Between the Government and Witnesses</u>** An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under <u>Brady</u> and <u>Giglio</u>.  <u>See</u> <u>United States v. Kojayan</u>, 8 F.3d 1315, 1322-23 (9th Cir. 1993); <u>Benn v. Lambert</u>, 238 F.3d 1040, 1054-60 (9th Cir. 2002). As stated above, the Government will provide any <u>Giglio</u> information in connection with this case no later than two weeks prior to trial.

**(24) <u>Agreements Between the Government and Witnesses</u>**  – As noted above, Government will provide any such information no later than two weeks prior to trial.

**(25) <u>Personnel Records of Government Officers Involved in the Arrest</u>** – The Government objects to Defendant's request that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved

in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call inspectors, officers, and special agents to testify.  As previously noted, the Government will comply with <u>Henthorn</u> and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

(**26**)  **Henthorn Material** – The Government will comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality.  <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992).   If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an <u>in camera</u> inspection and review.

(**27**)  **Training of Relevant Law Enforcement Officers** – The Government strenuously objects to providing to Defendant a copy of all policies, training instructions, and manuals issued by all law enforcement agencies involved in this case.  The requested policies, training instructions, and manuals are irrelevant and do not fall within the scope of Rule 16, or any other statutory or Constitutional disclosure provision.  Even if one or more of the inspectors, officers, or special agents violated his or her own administrative regulations, guidelines, or procedures, such violations would not result in the exclusion of evidence if Defendant's Constitutional and statutory rights were not violated in this case.  <u>United States v. Caceres</u>, 440 U.S. 741, 744 (1979); <u>United States v. Hinton</u>, 222 F.3d 664 (9th Cir. 2000).

(**28**) **Performance Goals and Policy Awards** – The Government strenuously objects to providing Defendant with information regarding the agency standards used for measuring, compensating, or reprimanding the conduct of all law enforcement officers involved in this case.  The requested information regarding the agency standards used for measuring, compensating, or reprimanding the conduct of the law enforcement officers is irrelevant and

1  does not fall within the scope of Rule 16, exculpatory evidence under <u>Brady</u>, impeachment

2  evidence under <u>Giglio</u>, or any other authority governing disclosure.

3      **(29) <u>TECS Reports</u>** The Government objects to providing Defendant with complete

4  vehicle crossing reports from the Treasury Enforcement Communications System ("TECS").

5  To begin with, the instant case is not a port case where a vehicle crossing report may be more

6  relevant.  In addition, TECS reports are not subject to Rule 16(c) because the reports are neither

7  material to the preparation of the defense, nor intended for use by the United States as evidence

8  during its case-in-chief.  The TECS reports are not <u>Brady</u> material because, as discussed

9  further, the TECS reports do not present any material exculpatory information or any evidence

10  favorable to Defendant that is material to guilt or punishment.

11      **(30) <u>Report of Scientific Tests or Examinations</u>** – The Government will provide

12  Defendant with the results of the Drug Enforcement Administration laboratory tests on the

13  marijuana seized in this case in accordance with Rule 16(F).  The Government will provide

14  Defendant with any further scientific tests or examinations.

15      **(31) <u>Narcotics Detector Dog Information</u>** – The Government is unaware of any use of

16  a narcotics detector dog that was used in the instant case.  As such, the information cannot be

17  material to the search or arrest of the Defendant.   Therefore, the Government objects to the

18  Defendant's request.

19      **(32)  <u>Residual Request</u>** – The Government has already complied with Defendant's

20  residual request for prompt compliance with Defendant's discovery requests.

21

22

23

24

25

26

27

28

### III

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

### IV

### GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

### (1)  All Evidence That Defendant Intends To Introduce In His Case-In-Chief

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness.  The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

### (2)  Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant.  The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified.  However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a

reasonable date before trial to be set by the Court.  Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**V**

**CONCLUSION**

For the foregoing reasons, the Government requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motion for reciprocal discovery.

DATED: November 27, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/*Caroline P. Han*
CAROLINE P. HAN
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2883-2-JAH |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| MARTIN ORTIZ-WENSE,(2) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Caroline P. Han, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

> **Daniel Casillas**
> Law Office of Daniel Casillas
> 101 West Broadway
> Suite 1950
> San Diego, CA 92101
> (619)237-3777
> Fax: (619)238-9914
> Email: dcesq1@sbcglobal.net
> *Attorney for Defendant Ortiz-Wense*

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 27, 2007.

/s/ ***Caroline P. Han***
CAROLINE P. HAN