LINDA A. KING, ESQ, SBN 087138
2044 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 233-8034
Fax: (619) 233-4516

Attorney for Material Witness,

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(**Honorable Judge Houston**)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR2883-JAH |
| | Magistrate Case No. 07MJ2302-LSP |
| Plaintiff, | |
| | **POINTS & AUTHORITIES IN SUPPORT OF** |
| vs. | **MATERIAL WITNESS' MOTION FOR** |
| | **VIDEOTAPED DEPOSITION** |
| ABEL CORRALES-SANCHEZ, | |
| Defendant. | Date: September 19, 2008 |
| | Time: 9:00 am |
| | Hon: John A. Houston |

Material Witness Abel Corrales-Sanchez (hereafter "Material Witness") by and their counsel, Linda A. King, submit the following Memorandum of Points and Authorities in support of their motion to take their videotape deposition.

## I

## INTRODUCTION

On or about 7/29/2008, the Material Witness was detained by the Immigration Service in connection with the arrest of Ruben Navarro-Maldonado and Martin Ortiz-Wense, the defendants in the above-entitled case. The defendants has been charged with illegally bringing in undocumented aliens in violation of 8 U.S.C § 1324 and the Material Witness, who was in the car with the defendants at the time of this arrest, have been detained as a Material Witness,

- 1 -

POINTS & AUTHORITIES IN SUPPORT OF MAT WIT VIDEOTAPED DEPO

who was in the car with the defendants at the time of their arrest, have been detained as a Material Witness under § 1227 (d).

The Material Witness is being held at Western Correctional Center. He is unable to locate anyone in this country to be his surety and post the bond, which would allow for his release. Also Immigration will not allow this Material Witness release into the United States.

It is unnecessary to keep the Material Witness in the United States because his testimony can be preserved through the use of videotape deposition. The Material Witness therefore request a court order that their testimony be preserved through the use of the videotape deposition and, thereafter, that they be allowed to return to their family in Mexico.

**II**

**THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP MAT WIT IN CUSTODY**

Title 18, section 3144 of the United States Codes Provides:

No material Witness may be detained … if the testimony of such witness can adequately be a deposition, and if further detention is not necessary to prevent a failure of justice.

While a witness may be detained for a reasonable period of time, the court must vigilantly guard and undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time. See (Aguilar-Ayala v. Ruiz 973F. 2d.2d 411.419 [5th Cir 1992]). Deposition of Material Witness may be used at trial in criminal cases, so it is only *exceptional circumstances*, where the interests of justice will be denied, that a videotape deposition is not appropriate. See **Torres-Ruiz v. Untied States** 120 F.3d 933 (9th Cir 1997) [citing **Aguilar Avala v. Ruiz** 973 F.2d 411.413 (5th Cir 1992) **see also** 8 U.S.C.§ 1324 (d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedures 15.

Defendant may be present at the videotape deposition and therefore have full and fair opportunity to cross-examine the witness. The videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. **Dutton v. Evans** 400 U.S. 74, 89 (1970).

The government of defendant can effectuate the detention of the material witness upon showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will be deny the defendant a fair trial and that live testimony would somehow be significantly different. See **Aguilar-Avala v. Ruiz** 973 F2d at 413 (5th Cir. 1992). **United States v. Humberto Rivera** 859 F.2d 1204, 1208 (4th Cir. 1988). That would be a difficult burden in this case, however, because the Material Witnesses have indicated they are willing to return for trial if the government makes arrangement for their legal re-entry into the country and provides travel expenses. (King's declaration at paragraph 6).

The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witness' testimony and trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien. (See, **United States vs. Efracio Torres** 890 F.2d 266, 270 (10th Cir. 1989) cert. Denied 494 U.S. 1008 (1990) [government need not guarantee the witness will be available, only that they use good-faith efforts to secure their presence at trial]: see also, Ohio vs. Roberts 448 U.S. 56, 65 (1980) [so long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Classy and hearsay objections]. The material Witness should not be detained because their testimony can be adequately secured by deposition. This is a very routine alien smuggling case. Based on interviews with the Material

Witness and the report submitted by the arresting agency, the facts to which the Material Witness is competent to testify are straightforward. (King's Declaration as paragraph 5).

For these reasons, the Material Witness request that the court immediately orders the taking of his/her videotape depositions and that material witness thereafter are immediately returned to Mexico.

### III

**IF THE COURT DENIES THE MAT WIT'S REQUEST TO TAKE HIS/SHE VIDEOTAPE. DEPOSITION, HE/SHE MAY REQUEST THAT THE GOVERNMENT PROVIDE HIM/HER WITH A STATEMENT OF REASONS WHY HE/SHE HAS TO REMAIN IN CUSTODY**

Where a witness has been in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released with or without the taking of a deposition. Fed Rules Crim. Proc., Rule 46 (g).

The Material Witness is not aware of the any reasons why they should remain in custody, but to the extent the government knows of any such reason, they hereby request that the government provide them with a copy of biweekly written report indicating these reasons.

### IV

### CONCLUSION

For the forgoing reasons, the Material Witness respectfully request that the motion for the taking of a videotaped deposition be granted. In the alternative, the Witness requests that he/she immediately be provided with a statement of reasons why he/she needs to remain in custody.

Date: September 12, 2008              S/Linda A. King
                                      Linda A. King
                                      AttorneyforMaterialWitness

- 4 -

POINTS & AUTHORITIES IN SUPPORT OF MAT WIT VIDEOTAPED DEPO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:07-cr-02883-JAH    Document 40-2    Filed 09/12/2008    Page 5 of 5